UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:16-cv-02920-RFB-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| HIDDEN CANYON OWNERS ASSOCIATION & SHELLEY FISHER, | |
| Defendants. | |

**I.     INTRODUCTION**

Before the Court are Plaintiff Nationstar Mortgage, LLC's Motion for Partial Summary Judgment (ECF No. 56), Defendant Hidden Canyon Owners Association's Motion for Summary Judgment (ECF No. 58), and Defendant Shelley Fisher's Motion for Summary Judgment (ECF No. 72).

Plaintiff filed its Complaint on December 16, 2016 stating several claims arising from a March 30, 2011 foreclosure sale. For the reasons stated below, the Court finds that the statute of limitations has run on each of Plaintiff's claims and therefore grants each Defendant's Motion for Summary Judgment.

**II.     FACTUAL BACKGROUND**

The Court finds that the following facts are undisputed.

On or about March 9, 2005, Fisher purchased the property at 3856 Debussy Way, North Las Vegas, Nevada 89032 by way of loan from Countrywide Home Loans, Inc. in the amount of $199,900.00, secured by a deed of trust recorded against the property on March 14, 2005. The

deed of trust named Mortgage Electronic Registration Systems as beneficiary and was eventually assigned to Nationstar Mortgage, LLC ("Nationstar") in October 2013.

Hidden Canyon Owners Association ("Hidden Canyon"), through its trustee Alesssi, recorded a notice of delinquent assessment lien against the property on June 8, 2009, stating that the amount due was $623.62. Hidden Canyon, through Alessi, recorded a notice of default and election to sell to satisfy the lien on September 1, 2009, stating that the amount due was $1,415.30. Hidden Canyon, through Alessi, recorded a notice of foreclosure sale on February 18, 2010. Hidden Canyon, through Alessi, recorded a second notice of foreclosure sale on September 16, 2010, stating the amount due was $1,966.49.

Hidden Canyon conducted a foreclosure sale on March 23, 2011, purchasing the property for a credit bid of $2,984.50. The Trustee's Deed Upon Sale was recorded on March 30, 2011.

### III. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on December 16, 2016 and an Amended Complaint on January 6, 2017. ECF Nos. 1, 9. Fisher filed an Answer on April 14, 2017. ECF No. 15.

This matter was administratively stayed on October 25, 2017, pending the Ninth Circuit's decision in <u>Bourne Valley Court Trust v. Wells Fargo Bank</u>. ECF No. 29. The stay in this matter was lifted on April 10, 2019. ECF No. 53.

Plaintiff filed the instant Motion for Partial Summary Judgment on May 16, 2019. ECF No. 56. The HOA responded, ECF No. 62, and Plaintiff replied, ECF No. 64.

The HOA filed an Answer and its instant Motion for Summary Judgment on May 17, 2019. ECF Nos. 57, 58. Plaintiff responded, ECF No. 60, and the HOA replied, ECF No. 63.

Fisher filed her instant Motion for Summary Judgment on July 8, 2019. ECF No. 72. Plaintiff responded, ECF No. 74.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

1 genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
2 law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When
3 considering the propriety of summary judgment, the court views all facts and draws all inferences
4 in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789,
5 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more
6 than simply show that there is some metaphysical doubt as to the material facts . . . . Where the
7 record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there
8 is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original)
9 (internal quotation marks omitted).

**V.     DISCUSSION**

Defendant argues that Plaintiff's claims are time barred. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The sale of the property took place on March 23, 2011 and the Trustee's Deed Upon Sale was recorded on March 30, 2011. Plaintiff filed its Complaint over four years later on December 16, 2016.

The Court finds that all of Plaintiff's claims are foreclosed by the applicable statutes of limitations. Actions upon a liability created by statute carry a three-year statute of limitations pursuant to NRS 11.190(3)(a). To the extent Plaintiff seeks judgment and relief on Counts I, II, III, and IV on the basis that the recorded notices fail to comply with Nevada law under NRS Chapter 116 or any other statute, the argument is foreclosed.

Plaintiff's remaining claims—Count V (fraudulent transfer), Count VI (civil conspiracy), Count VII (unjust enrichment), Count VIII (tortious interference), Count IX (equitable estoppel), and Count X (estoppel by deed / after-acquired title)—carry at most a four-year statute of limitations pursuant to the catch-all provision at NRS 11.220. The four-year limitation of the catch-all provision similarly bars any equitable bases for Counts I–IV, including arguments related to tender, unfair sale, and bona fide purchaser status, as well as any claim that the recorded notices fail to comply with Nevada law on bases other than statutory provisions.

1         Plaintiff argues that, pursuant to City of Fernley, no statute of limitations applies. But
2 while Nevada law recognizes that "[t]he statute of limitations applies differently depending on the
3 type of relief sought" and that "claimants retain the right to prevent future violations of their
4 constitutional rights [through prospective relief]," City of Fernley v. State, Dep't of Tax, 366 P.3d
5 699, 706 (Nev. 2016), the relief Plaintiff seeks is retrospective in nature. Plaintiff attempts to craft
6 its relief in a manner to suggest it is prospective: whether Plaintiff can proceed to judicially
7 foreclose on the senior deed of trust. But to so find, the Court would first need to award
8 retrospective relief by finding that the foreclosure sale did not extinguish the deed of trust or that
9 the foreclosure sale was void, meaning a deed of trust existed on which the judicial foreclosure
10 claim could proceed.

11         Plaintiff next argues that a request for declaratory relief based on a nonjudicial foreclosure
12 sale is not barred by the statute of limitations pursuant to Facklam. But because "[a] claim for
13 declaratory relief is subject to a statute of limitations generally applicable to civil claims," Zuill v.
14 Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996), the Court finds that statutes of limitations as
15 outlined above apply to bar declaratory relief. Facklam holds only that a statute of limitations does
16 not operate to bar a nonjudicial foreclosure, as such a foreclosure is neither a civil nor a criminal
17 judicial proceeding, but Facklam does not hold that a statute of limitations cannot bar a judicial
18 action challenging a nonjudicial foreclosure. See Facklam v. HSBC Bank USA for Deutsche ALT-
19 A Sec. Mortg. Loan Tr., 401 P.3d 1068, 1070–71 (Nev. 2017) (en banc).

20         Plaintiff argues that it is entitled to equitable tolling based on Hidden Canyon's
21 misrepresentations as to the effects of its sale and the inequity of allowing the sale to stand.
22 Plaintiff argues that Hidden Canyon's CC&Rs expressly and falsely state that its lien would be
23 fully subordinate to Nationstar's deed of trust. But a foreclosure sale cannot be invalidated by a
24 homeowners' association's failure to comply with its CC&Rs. NRS 116.1104 states that, absent
25 express statutory language to the contrary, provisions of NRS Chapter 116 "may not be varied by
26 agreement, and rights conferred by it may not be waived." Therefore, the Court does not find that
27 the interests of justice require the equitable tolling of the limitations period here. Moreover,
28 Plaintiff has not demonstrated the "excusable delay" necessary for the application

of equitable tolling. City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd., 261 P.3d 1071, 1077 (Nev. 2011).

Plaintiff argues that the statute of limitations cannot begin to run until a Court order deems its deed of trust unenforceable, as Plaintiff has yet to suffer an injury. Because Plaintiff's argument that it has not yet suffered injury presents the alternative problem of ripeness, Plaintiff's argument does not support a finding that the Court can reach Plaintiff's claims Plaintiff's claims.

Based upon the above findings, the Court thus declares that Plaintiff has no enforceable lien, interest or property right in the real property located at 3856 Debussy Way, North Las Vegas, Nevada 89032. The Court further finds that there is no basis to support the lis pendens in this case as Plaintiff has no existing interest in this property. NRS 14.015. The lis pendens shall therefore be expunged.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Hidden Canyon Owners Association's Motion for Summary Judgment (ECF No. 58) and Defendant Shelley Fisher's Motion for Summary Judgment (ECF No. 72) are GRANTED and Plaintiff Nationstar Mortgage, LLC's Motion for Partial Summary Judgment (ECF No. 56) is DENIED.

**IT IS FURTHER ORDERED** that the hearing scheduled for July 30, 2019 is VACATED as moot. The Clerk of Court shall enter judgment accordingly in favor of Defendants and close this case.

**IT IS FURTHER ORDERED** that the lis pendens recorded against Parcel Number 139-09-114-033 in the Official Records of the Clark County Recorder is expunged. The Clark County Recorder is directed by this Order to expunge this lis pendens.

DATED: July 26, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE